# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

BRIAN ANTHONY THORNTON  *
11418 TWEEDSMUIR RUN  *
FORT WAYNE, IN 46814  *

     **Plaintiff(s),**

     vs.  *  Civil No.: 1:18CV 76 WL

WEST ADVANCED TECHNOLOGIES., AND  *
AND SRINI VEERAMASU,  *
AND JOHN DOE, JOINTLY,  *
SEVERALLY, AND/OR INDIVIDUALLY  *
1230 ROSECRANS AVE, SUITE 300  *
MANHATTAN BEACH CA 90266  *

AUTORABIT INC. AND VISHNU DATLA,  *
AND JOHN DOE, JOINTLY,  *
SEVERALLY, AND/OR INDIVIDUALLY  *
2400 CAMINO RAMON, SUITE # 280  *
SAN RAMON CA 94583  *

CAPITAL ONE BANK (USA), NA,  *
AND JOHN DOE, JOINTLY,  *
8000 TOWERS CRESCENT DR.,  *
16TH FLOOR  *

ICMA RETIREMENT CORPORATION  *
AND JOHN DOE, JOINTLY,  *
777 N CAPITOL ST NE,  *
WASHINGTON DC 20002-4239  *

     **Defendant(s)**  *

     ********

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, DAMAGES AND JURY DEMAND

## NOTICE TO THE COURT

1. Plaintiff has not sued anyone for this exact same claim(s).

2. Plaintiff is filing a Motion to Proceed In Forma Pauperis and asking the Court to notify the Defendant(s) about this complaint.

3. Plaintiff will keep a copy of this document for records.

4. Plaintiff will promptly notify the Court of any change of address.

5. This is a wage action brought pursuant to 29 U.S.C. § 206 demanding that Defendants be compelled to satisfy payment requirements of employee and Plaintiff as required by the laws of United States of America.

6. The Plaintiff seeks compensatory and punitive damages against the Defendants in their individual capacities and compensatory damages against the Organization for violation of the Plaintiff's rights guaranteed them under United States Constitution and of the 1851 Constitution of the State of Indiana, as well as declaration that those provisions are unconstitutional.

7. Defendants' actions have already deprived and will continue to deprive Plaintiff of his paramount rights and guarantees provided under the United States and Indiana Constitutions.

8. Plaintiff further seeks permanent injunctive relief prohibiting Defendants from engaging in the conduct declared to be in violation of the Plaintiff's constitutionally protected rights and from enforcing Statutes and Protocols in the manner complained of herein.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. § 1391(b), because Plaintiff resides in the district, the greater majority of defendants reside within the district, and all of the events or omissions giving rise to the claim occurred within the district.

**PARTIES**

11. Plaintiff Brian Anthony Thornton is a citizen of the United States and at the commencement of this action was a resident of Allen County Indiana with his principal address in Fort Wayne Indiana located within the Northern District of Indiana.

12. On and before February 3, 2018, Plaintiff Brian A. Thornton was offered and agreed to employment by Defendant companies work interchangeable between the three companies and the Plaintiff company clients and employees. .

13. Defendant WEST ADVANCED TECHNOLOGIES, INC ("WATI") is a California private entity, and is capable of suing and being sued. During the times material it is known as WATI and was ordered to act as the employer of Plaintiff acting on behalf of AutoRabit, Inc.

14. Defendant SRINI VEERAMASU was at all times material to this action, a corporate liaison OF WATI relating to all records of employment and work performed . He is sued in both his official and personal capacity.

15. Defendant AUTORABIT, INC is a California private corporation, and is capable of suing and being sued. During the times material it is known as AutoRabit and acted as the employer of Plaintiff acting on behalf of Capital One Bank USA, Inc.

16. Defendant VISHNU DATLA was at all times material to this action, a corporate liaison of AUTORABIT, INC relating to all records of employment and work performed . He is sued in both his official and personal capacity.

17. Defendants JOHN DOE was at all times material to this action, as coworkers, managers, directors of companies WATI, AUTORABIT and/or CAPITAL ONE BANK USA NA He/She is sued in his/her official capacity.

18. Defendant CAPITAL ONE BANK USA NA is a New York public corporation, and is capable of suing and being sued. During the times material it is known as Capital One Bank and acted as the employer of Plaintiff through the services of AutoRabit and WATI.

19. Defendant ICMA RETIREMENT CORPORATION is a Washington D.C. private corporation, and is capable of suing and being sued. During the times material it is known as ICMA and acted as the employer of Plaintiff through the services of AutoRabit and WATI.

## ALLEGATIONS OF FACT

20. Beginning on or about January 10, 2018, Defendants WATI, AUTORABIT and CAPITAL ONE BANK conducted interviews of Plaintiff as part of screening for hourly employment of remote technology services from home in FOrt Wayne, Indiana for the companies of WATI, AUTORABIT, CAPITAL ONE BANK.

21. Beginning on or about February 2, 2018 Defendants WATI and AUTORABIT agreed to engage Plaintiff in hourly employment for technology services for the companies of WATI, AUTORABIT, CAPITAL ONE BANK and/or ICMA.

22. Beginning on or about February 2, 2018 Plaintiff performed remote technology services from Fort Wayne, Indiana for Defendants WATI, AUTORABIT, CAPITAL ONE BANK USA, and/or ICMA totaling 130.5 hours.

23. Defendants are charged with maintaining payments to all employees such as Plaintiff.

24. On or about, On February 12, 2018 Plaintiff was notified Defendants WATI and AUTORABIT of his required travel to Washington D.C., United States for Defendant ICMA at ICMA corporate headquarters.

25. On or about February 14, 2018 Plaintiff traveled to Washington DC and performed services for defendants WATI, AUTORABIT and ICMA alongside AUTORABIT employees and contractors and ICMA employees/contractors.

26. On or about February 14, 2018 Plaintiff traveled to Richmond Virginia and performed services for defendants WATI, AUTORABIT and CAPITAL ONE BANK alongside AUTORABIT employees and contractors and CAPITAL ONE BANK employees/contractors.

27. On or about March 7, 2018 Plaintiff contacted AUTORABIT, INC and MR. VISHNU DATLA who confirmed payment for work to be performed should be paid to Plaintiff.

28. That since the date of this filing Plaintiff has not been fully paid for hours worked and earned and approved on behalf of Defendants as required by law.

PLAINTIFF DEMAND TRIAL OF THIS ACTION BY JURY

I declare under penalty of perjury the the statements in this complaint are true.

Respectfully submitted this 29th, day of March, 2018.

*[signature]*

BRIAN ANTHONY THORNTON
11418 Tweedsmuir Run
Fort Wayne, IN 46814
(260) 267-6520